# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BLUEFIELD

**ROBERT C. MORRIS,**

    **Petitioner,**

**v.**                                          **Case No. 1:15-cv-13846**

**BARBARA RICKARD, Warden,**
**FCI McDowell,**[1]

    **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court is the petitioner's Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241. (ECF No. 1). The petitioner has paid the $5.00 filing fee. (ECF No. 4). This matter is assigned to the Honorable David A. Faber, Senior United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## PROCEDURAL HISTORY AND THE PETITIONER'S PRESENT CLAIM

The petitioner is a federal inmate who, at the time he filed the instant petition, was incarcerated at the Federal Correctional Institution, McDowell, in Welch, West Virginia. The petition challenges an institutional disciplinary action taken against him at FCI Big Spring, Texas, after his urine specimen allegedly tested positive for Buprenorphine. Following a hearing before a Disciplinary Hearing Officer ("DHO"), the petitioner was

---

[1] The proper respondent in a habeas corpus matter is the petitioner's custodian. The current Warden at FCI McDowell is believed to be Barbara Rickard. Accordingly, the Clerk is directed to modify the docket sheet to reflect that Barbara Rickard is the proper respondent herein, both in the style of the case and the short style at the top of the docket sheet.

found guilty of the charge and sanctioned with the disallowance of 41 days of good conduct time ("GCT"), 60 days of disciplinary segregation, and the loss of telephone, visiting, and commissary privileges for one year, and loss of email privileges for 180 days. The instant petition asserts that these disciplinary proceedings violated his due process rights.

On October 14, 2016, the undersigned issued an Order to Show Cause, directing the respondent to file a response to the petitioner's section 2241 petition. (ECF No. 6). The respondent, by counsel, filed a response to the petition on December 13, 2016. (ECF No. 9).[2] The petitioner did not file a reply. This matter is ripe for adjudication.

## ANALYSIS

The respondent's Response addresses the Bureau of Prisons' ("BOP") rules for inmate discipline, which are found in 28 C.F.R. Part 541 *et seq.* According to these rules, where a staff member believes an inmate has violated a BOP regulation, the staff member prepares an incident report and provides the inmate with a written copy of the charges against him, normally within 24 hours of when staff becomes aware of the alleged violation. *See* 28 C.F.R. § 541.5(a). Thereafter, an investigating officer is assigned to inform the inmate of the charges and take a statement from the inmate. An inmate is advised that he has a right to remain silent, but that an adverse inference may be drawn from his silence, which may, alone, be used to support a finding that he committed the prohibited act. *Id.*, § 541.5(b).

---

[2] On December 20, 2016, the respondent filed a "Notice" consisting of the envelope indicating that mail from the United States Attorney's Office for the Southern District of West Virginia had been returned as "Refused" because "no longer at address." (ECF No. 10). Presuming that the mail that was returned was the respondent's Response, the Notice does not indicate whether the United States Attorney's Office re-mailed the Response to the petitioner at FCI Allenwood where he was transferred and is presently incarcerated. Nonetheless, it is apparent from the record that the petitioner is not entitled to any relief and that his petition should be dismissed.

Next, a Unit Disciplinary Committee ("UDC") will review the incident report, usually within five days of its issuance. The inmate is permitted to appear and make a statement and present documentary evidence before the UDC either in person or electronically, except during the UDC's deliberations, or if institutional security would be jeopardized by his presence. *Id.*, §§ 541.7(c), (d), and (e). The UDC then makes a decision based upon at least some evidence, and if there is conflicting evidence, based upon the greater weight thereof. *Id.*, § 541.7(e).

The UDC may determine whether or not the inmate committed the prohibited act as charged, or refer the case to a Disciplinary Hearing Officer ("DHO") for further proceedings. *Id.*, § 541.7(a)(1)-(H). When charges are referred to the DHO, the UDC advises the inmate of the rights afforded to him at the DHO hearing. *Id.*, § 541.7(g). An inmate may request to have a staff representative and/or witnesses at the DHO hearing. *Id.*, § 541.8. At the hearing, the inmate may make a statement, present documentary evidence, and present witnesses on his behalf, subject to institutional security issues. *Id.*, § 541.8(f).

The DHO considers all evidence presented at the hearing and determines whether or not the inmate committed the infraction, or whether further investigation is needed. *Id.*, § 541.8(a). The DHO prepares a record of the proceedings, which need not be verbatim. The record documents the advisement of the inmate's rights, the DHO's decision, the evidence relied upon in making the decision, and the reasons for the sanctions imposed. *Id.*, § 541.8(h).

According to the respondent's Response, on November 19, 2014, while housed at FCI Big Spring, the petitioner received an incident report charging him with a violation of Prohibited Act Code 112, Use of Any Drugs (Buprenorphine). (ECF No. 9, Ex. 1, Attach.

A). The Lieutenant tasked with conducting an investigation into the incident advised the petitioner of his rights that same day. (*Id.,* §§ 23, 24). The petitioner stated, "I did not initial the bag. I did not see him seal it up. All four of our cups were left on the table when I left. I didn't think anything of it at the time, because I was told that I was good. It may have been a mix up." (*Id.,* § 24). The petitioner did not request any witnesses. (*Id.,* ¶ 25).

On November 25, 2014, the petitioner was provided with a revised version of the incident report, which corrected the petitioner's name in section 11. (ECF No. 9, Ex. 1. Attach. A).

A UDC hearing was held on November 26, 2014. (ECF No. 9, Ex. 1, Attach. A, § 21). During that hearing, the petitioner indicated that staff failed to administer the drug test according to policy. (*Id.,* § 17). The incident report was forwarded to a DHO for further proceedings. (*Id.,* §§ 18, 19).

The petitioner was provided with a Notice of Disciplinary Hearing Before the DHO on November 26, 2014. (ECF No. 9, Ex. 1, Attach. B). The petitioner did not request a staff representative or that any witnesses be made available for the hearing. (*Id.*) The petitioner was also provided with a form advising him of his rights at the DHO hearing. (ECF No. 10, Ex. 1, Attach. C).

A DHO hearing was held on December 29, 2014. (ECF No. 9, Ex. 1, Attach. D). At the hearing, the petitioner was advised of his rights, and he acknowledged that he understood those rights. The petitioner stated that the officer conducting the tests did not seal the urine sample up in front of him. The petitioner denied taking any medication and said, "The only thing I ever did heavily was marijuana. I swear to you it wasn't sealed in front of me. He had to mix it up. There is no other way. I know how the test is done. I've have many UAs." (*Id.* at Part III, § B).

4

The DHO noted that the petitioner declined a staff representative, did not wish to call any witnesses, and did not present any documentary evidence. The DHO considered the written statement of the SIS Technician confirming that urine specimen ID No. BOP0002258360, taken from the petitioner on November 11, 2015, tested positive for Buprenorphine. The DHO noted the petitioner had provided the sample and that it was verified by medical staff that petitioner was not on any medication that would cause a positive test result for Buprenorphine. The DHO further noted the chain of custody form had the petitioner's signature on the form, certifying that the sample was his and that it had been sealed in his presence. The certification also acknowledged that the labels on the specimen container and the certification form were the same.

The DHO documented that the lab showed the positive test result, that the BOP Cook Supervisor stated that the petitioner and three other inmates were taken for drug tests, that the petitioner took three attempts to fill his cup, and that all of the inmates' cups were kept separate.

Based upon all of this evidence, and the petitioner's statement, the DHO found that the petitioner's statement was not credible, and that he committed the prohibited act and, thus, violated code 112. (*Id.* at Parts IV and V).

The DHO imposed the sanctions set forth *supra.* (*Id.* at Part VI). The DHO documented that the sanctions were imposed because using or possessing drugs threatens the health, safety, and welfare of the inmate and other inmates and staff in the institution. The DHO further noted that the presence of drugs in a correctional facility creates an environment conducive to violence, and noted that, in the past, inmates under the influence had been violent towards others. The DHO indicated that the sanctions were imposed to let the inmate know that he, alone, is responsible for his actions. (*Id.* at Parts

5

VI and VII). The petitioner was advised of his appeal rights. (*Id.*, at Part VIII). The petitioner was provided a copy of the DHO Report on January 21, 2015. (*Id.* at Part IX). The petitioner fully appealed the disciplinary action through the administrative remedy process. Accordingly, as acknowledged by the respondent, he has properly exhausted his administrative remedies. (ECF No. 9, Ex. 1, ¶¶ 6-7).

The petitioner contends that his Fifth Amendment right to due process was violated during these prison disciplinary proceedings. Prison disciplinary proceedings are not criminal prosecutions. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Therefore, prisoners do not enjoy "the full panoply of due process rights [in prison disciplinary proceedings that are] due a defendant in . . . [criminal] proceedings." *Id.* When a prison disciplinary hearing may result in the loss of good time credit, due process requires the following:

1. giving the prisoner written notice of the charges at least twenty-four hours before he appears for his disciplinary hearing;

2. providing the prisoner a written statement by the fact finders as to the evidence relied on and reasons for the disciplinary action;

3. allowing the prisoner to call witnesses and present documentary evidence in his defense, when permitting him to do so will not be an undue hazard to institutional safety or correctional goals;

4. permitting the prisoner the aid of a fellow prisoner, or if that is forbidden, aid from staff or a competent inmate designated by staff, if the prisoner is illiterate or the complexity of the issue makes it unlikely that the prisoner will be able to collect and present the evidence necessary for an adequate comprehension of the case; and

5. providing impartial fact finders.

*Id.* at 564-571.

In the present case, the undersigned finds that the petitioner was provided all the process required for an institutional disciplinary proceeding. The record demonstrates

that the petitioner received written notice of the charge against him more than twenty-four (24) hours before the hearing before the DHO because he received the revised incident report setting forth the charges on November 25, 2014, and the hearing before the DHO was held on December 29, 2014. Additionally, the petitioner was properly advised of his rights with respect to appearance and presentation of evidence at the proceeding, during which he admitted to committing the offense.

Although he declined both, the petitioner was afforded the opportunity to have a staff representative and to call witnesses on his own behalf during his disciplinary hearings and was able to present a defense. Furthermore, the petitioner was provided with an impartial fact finder during his disciplinary hearings. In accordance with BOP regulations, the DHO did not act as the reporting official, investigating officer, UDC member, or witness and did not play a role in referring the charges.

After the disciplinary hearings, the petitioner was provided with a report summarizing the hearing, which included a statement of the evidence upon which the DHO had relied, and the reasons for the petitioner's sanctions.

Furthermore, there was ample evidence in the record to support the DHO's finding of guilt and the sanctions imposed. In *Superintendent, Mass. Corr. Inst. v. Hill*, that the revocation of good conduct time meets minimum due process requirements if "there was some evidence from which the conclusion of the administrative tribunal could be deduced . . . ." 472 U.S. 445, 454 (1985). In making this assessment, the federal court does not weigh the credibility of evidence or witnesses. *Id.* at 455-56. So long as there is evidence to support the DHO's determination, it must be upheld by the court.

Thus, there is no basis to find a violation of either the petitioner's procedural or substantive due process rights with respect to these disciplinary proceedings and the resulting sanctions, including the loss of 41 days of GCT.

For these reasons, the undersigned proposes that the presiding District Judge **FIND** that the instant petition fails to state a claim upon which relief can be granted. Accordingly, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** the petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) and dismiss this civil action from the docket of the court.

The parties are notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, Senior United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, the parties shall have fourteen days (filing of objections) and then three days (mailing/service), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727

F.2d 91 (4th Cir. 1984). A copy of such objections shall be served on the opposing party and Judge Faber.

The Clerk is directed to file this Proposed Findings and Recommendation, to transmit a copy to counsel of record, and to mail a copy to the petitioner at FCI Allenwood, where he is presently incarcerated.

June 11, 2018

Dwane L. Tinsley
United States Magistrate Judge